# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF ILLINOIS

Plaintiff
Bridgewater et al
v.

Case No: 13 c 4136

Judge Virginia M. Kendall

Defendant
United States Government et al

## ORDER

For the reasons stated, Plaintiffs' Motion to Proceed *In Forma Pauperis* is denied. Since Plaintiffs have failed to state a claim and it appears that they will be unable to do so, this case is dismissed with prejudice.
(T:00)

## STATEMENT

Plaintiffs Co-Patent Owners U.S. # 6,889,615 move to proceed *in forma pauperis* without the full prepayment of filing fees. Plaintiffs bring this suit against the United States Government, the U.S. Department of Labor, Detroit Diesel, and Penske Truck Leasing, alleging violations of: Article VI of the U.S. Constitution (Count I); 28 U.S.C. § 1338 (Count II), the federal removal statues, 28 U.S.C. §§ 1441–48 (Count III); Article III of the U.S. Constitution (Count IV); the Due Process and Equal Protection Clauses of the Fourteenth Amendment (Count V); 42 U.S.C. § 1981 (Count VI); 42 U.S.C. § 1983 (Count VII); 42 U.S.C. § 1985 (Count VIII); the Fourth Amendment (Count IX); and the Sherman Act, Wilson Tariff Act, and the Clayton Act (Count X). For the reasons stated below, Plaintiffs' Motion is denied and the Complaint is dismissed with prejudice.

Pursuant to 28 U.S.C. § 1915(a), the Court may authorize Plaintiffs to proceed *in forma pauperis* if they are unable to pay the mandated court fees. The Plaintiffs not be penniless to proceed *in forma pauperis* under § 1915(a)(1). *See Zaun v. Dobbin*, 628 F.2d 990, 992 (7th Cir. 1980). Instead, they are eligible to proceed *in forma pauperis* if payment of the filing fee will prevent them from providing for life's necessities. *See id.* Here, the Court must reject Plaintiffs' application to proceed *in forma pauperis* because they have failed provide any information in their financial affidavit that would enable the Court to determine whether they are sufficiently impoverished to proceed without full prepayment of filing fees. First, the affidavit does not contain a name. Instead, it is submitted on behalf of "Co-Patent Owners #6,889,615." To the extent Plaintiffs seek to proceed *in forma pauperis* as an entity, the Supreme Court has held that the word "person" as used in § 1915 refers only to natural persons, not legal entities. *Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 202–203 (1993) (holding that "only a natural person can qualify for treatment *in forma pauperis* under § 1915" and that artificial entities "may appear in the federal courts only through licensed counsel").

The affidavit does not contain the names of the individual co-patent owners or set forth their financial disposition. Specifically, the affidavit provides no information pertaining to the Plaintiffs' income, employment history, marital status, or dependents. If Plaintiffs seek to proceed as individuals without the full prepayment of filing fees, they must provide this information in order for the Court to determine whether they are indeed impoverished. *See id.* at 211 (finding that where multiple individuals seek to proceed *in forma pauperis*, each would "need to file an affidavit stating that he met the indigency requirements of § 1915"). Accordingly, the Court finds that Plaintiffs' financial affidavit fails to sets forth an inability to pay the mandated court fees.

The Plaintiffs' application must be rejected for another reason as well. Section 1915 requires the Court to review an action of a plaintiff who seeks to proceed *in forma pauperis* and dismiss the action if it is frivolous or malicious, if it fails to state a claim on which relief may be granted, or if the plaintiff seeks damages from a defendant immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). *See also Lindell v. McCallum*, 352 F.3d 1107, 1109 (7th Cir. 2003).

When evaluating whether a plaintiff has stated a claim in the context of an application for leave to proceed *in forma pauperis*, the court applies the same standard as that for a motion to dismiss under Rule 12(b)(6). *See, e.g., Allen v. JP Morgan Chase*, 2010 WL 1325321 at *1 (N.D. Ill. 2010) (citing *Zimmerman v. Tribble*, 226 F.3d 568, 571 (7th Cir. 2000)). When considering a Rule 12(b)(6) motion, the Court treats all well-pleaded allegations as true and draws all inferences in favor of the non-moving party. *In re marchFIRST Inc.*, 589 F.3d 901, 904 (7th Cir. 2009). To properly state a valid claim, the complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). *See also Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008). "Detailed factual allegations" are not required, but the plaintiff must allege facts that, when "accepted as true ... 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). If the factual allegations are well-pleaded, the Court assumes their veracity and then turns to determine whether they plausibly give rise to an entitlement to relief. *See Id.* A claim has facial plausibility when its factual content allows the Court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *See Id.* at 678. However, "courts should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009).

In this case, Plaintiffs' Complaint fails as a matter of law and must be dismissed because they have failed to state a cognizable claim that may be heard by this Court. The factual allegations and legal claims in Plaintiffs' Complaint are incomprehensible. It appears from the Complaint that the Plaintiffs filed in 2008 a series of lawsuits against the State of Michigan in another United States District Court. (Pls. St. of Facts, ¶¶ A–D.) The State of Michigan failed to file an answer in those cases and subsequently arrested one of the Plaintiffs for trespass and home invasion. (*Id.* ¶¶ A–E.) Because the Complaint itself does not contain the name of any individual, it is unclear which plaintiff was arrested. Plaintiff also alleges that the State of Michigan: (1) prosecuted and jailed him based on "bogus charges"; (2) sought to force him to abandon his technology and business in violation of the Antitrust laws; (3) issued "bogus protective orders as an end-around to property matters that were removed from its jurisdiction which rises to witness intimidation"; and (4) made "bogus entries" in an attempt to defame him. (*Id.* ¶¶ J–N.) Plaintiff also alleges that the U.S.

Department of Labor failed to adjudicate the matter under the OSHA Whistleblower. (*Id.* ¶ O.) Lastly, the Complaint appear to challenge the State of Michigan Courts' jurisdiction to hear cases dating back to 2007 pertaining to Plaintiffs' intellectual property. (*See* Complaint, pp. 10–15.)

Plaintiffs' Complaint must be dismissed for a number of reasons. First and most fundamentally, the allegations lack any factual basis and do not give the Defendants fair notice of the claims against them. Indeed two of the Defendants, Detroit Diesel and Penske Truck Leasing, are not mentioned in the substantive portion of the Complaint. It appears that the Plaintiffs' Complaint in this case is a duplicate of a complaint filed in 2008 by the Plaintiffs in the Southern District of Florida against the State of Michigan. (Complaint, pp. 2–7, 10–49.) Although the district court in Florida recognized that the Plaintiffs' claims might be frivolous, *see Co-Patent Owners # U.S. 6,889,615 v. State of Michigan et al*, No. 08-61022, Dkt. 3 (S.D. Fla. Sept. 3, 2008), the case was transferred to the Eastern District of Michigan. The Eastern District of Michigan subsequently dismissed the complaint as "on its face unsubstantial, devoid of merit, and no longer open to discussion." *See Co-Patent Owners # 6,889,615 v. State of Michigan*, No. 08-CV-13786, Dkt. 14 (E.D. Mich. July 27, 2009). Plaintiffs now attempt to use the same complaint to assert claims against a different set of defendants but do not explain how their allegations in the 2008 against the State of Michigan give rise to a claim against the Defendants here. Second, to the extent there is a valid claim lurking in the 49-page Complaint, the Plaintiffs have failed to allege any basis for venue here in the Northern District of Illinois; all of the events giving rise to the Plaintiffs' claims occurred in Michigan, not Illinois. Third, Plaintiffs' claims challenging the outcome of state court cases dating back to 2007 and 2008 are barred by the *Rooker-Feldman* doctrine, which "precludes lower federal court jurisdiction over claims seeking review of state court judgments … no matter how erroneous or unconstitutional the state court judgment may be." *Johnson v. Merrill Lynch*, *Pierce, Fenner & Smith, Inc.*, --- F.3d ----, 2013 WL 2149971, at *4 (7th Cir. May 20, 2013) (quoting *Kelley v. Med-1 Solutions, LLC*, 548 F.3d 600, 603 (7th Cir. 2008)).

For the reasons stated, Plaintiffs' Motion to Proceed *In Forma Pauperis* is denied. Since Plaintiffs have failed to state a claim and it appears that they will be unable to do so, this case is dismissed with prejudice.

Dated: July 26, 2013          /s/ Virginia M. Kendall